UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANNY K. ZACHARY, JR., | ) | Case No. 08-10960-JKC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MAINSOURCE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| DANNY K. ZACHARY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS**

The Plaintiff MainSource Bank ("MainSource"), by counsel, by way of Complaint against the Debtor-Defendant Danny K. Zachary, Jr. ("Zachary"), alleges and says that:

### I. JURISDICTION

1. The debtor Zachary filed a voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on September 6, 2008.

2. This is an Adversary Proceeding to determine the dischargeability of debts owing by the debtor Zachary to MainSource pursuant to 11 U.S.C. §523.

3. This Court has jurisdiction to hear and determine this Adversary Proceeding pursuant to 28 U.S.C. §1334(a).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(i).

5. Venue of this Adversary Proceeding is properly laid in this Court pursuant to 28 U.S.C. §1409(a).

6.      This matter is properly brought before this Court as an Adversary Proceeding pursuant to Fed. R. Bankr. P. 7001(6).

## II.  PARTIES

7.      At all times relevant hereto, Plaintiff MainSource is and was an Indiana financial institution maintaining an office and place of business at 201 North Broadway, Greensburg, Indiana 47240.

8.      Defendant Zachary is an Indiana resident, and the Debtor in the above-captioned bankruptcy case.

## III.  FACTUAL ALLEGATIONS

9.      Zachary was the sole owner and operator of an automobile dealership in Anderson, Indiana operating under the trade name "Zachary Auto."

10.      On or about August 20, 2004, Zachary executed and delivered to MainSource a Dealer Retail Sale Contract (the "Dealer Agreement") which established terms and conditions under which MainSource purchased Retail Installment Sale Contracts (hereinafter "Contracts") from the Zachary.  A copy of the Dealer Agreement is attached hereto, made a part hereof and marked for reference as Exhibit "A."

11.      Pursuant to the terms of the Dealer Agreement, Zachary assigned to MainSource the following Contracts:

    a.  Retail Installment Contract dated January 7, 2005 executed by Randy Zachary in the original amount of $18,337.98 with an interest rate of 5.24% per annum for the purchase of a 2002 Dodge Truck, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "B."

b. Retail Installment Contract dated March 3, 2005 executed by Randy Zachary in the original principal amount of $16,880.00 with an interest rate of 4.74% per annum for the purchase of a 2001 Ford F150, a copy which is attached hereto, made a part hereof and marked for reference as Exhibit "C."

c. Retail Installment Contract dated April 28, 2005 executed by James L. Mills in the original principal amount of $17,134.00 with an interest rate of 11.24% per annum for the purchase of a 2003 Chevrolet Venture, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "D."

d. Retail Installment Contract dated March 14, 2005 executed by Phillip K. Thomas and Juanita J. Thomas in the original principal amount of $12,194.00 with an interest rate of 9.74% per annum for the purchase of a 1999 GMC Envoy, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "E."

e. Retail Installment Contract dated December 8, 2004 executed by Dawn Zachary in the original principal amount of $12,437.00 with an interest rate of 4.99% per annum for the purchase of a 2002 Chevrolet Cavalier, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "F."

f. Retail Installment Contract dated December 22, 2004 executed by Clarence Clark in the original principal amount of $33,251.00 with an interest rate of 6.24% per annum for the purchase of a 2002 Dodge Ram, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "G."

g. Retail Installment Contract dated December 15, 2004 executed by Angela Steward in the original principal amount of $27,391.00 with an interest rate of

       4.74% per annum for the purchase of a 2003 Chevrolet Silverado, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "H."

    h. Retail Installment Contract dated September 30, 2004 executed by Nicole Flatford in the original principal amount of $9,288.00 with an interest rate of 7.99% per annum for the purchase of 1998 Jeep Grand Cherokee, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "I."

    i. Retail Installment Contract dated October 22, 2004, executed by Danny K. Zachary, Sr. in the original principal amount of $30,981.00 with an interest rate of 5.99% per annum for the purchase of a 2003 Chevrolet Silverado, a copy of which is attached hereto, made a part hereof and marked for reference as Exhibit "J."

12.    Each of the aforesaid Contracts assigned to MainSource was executed by Zachary. Pursuant to the terms of the Dealer Agreement, Zachary promised, represented and warranted, among other things, that:

> "[a]ll statements and facts contained in the contract are true and the contract is legally enforceable against each borrower;"

> "Each contract is in full compliance with all state and federal laws and regulations and the lien created by the contract is a perfected first lien on the collateral in favor of [MainSource] and is evidenced on the bill of sale or certificate of title;" and,

> "To indemnify and hold harmless [MainSource] against any loss including attorney's fees and other expenses sustained by [MainSource] as a result of any claim or defense the borrower(s) may have against the seller of goods or services obtained with the proceeds of such contract."

13.    The representations made by Zachary at the time he executed the aforesaid assignments of the Contracts were false.

14.    Zachary knew or should have known that said statements were false.

15.    MainSource has been damaged as a result of Zachary's false representations.

16. Zachary is indebted to MainSource for said damages as a result of the false representations, and such amounts are not dischargeable pursuant to 11 U.S.C. §523(a)(2).

17. The principal amount of the losses sustained by MainSource as a result of Zachary's fraudulent representations totals $135,753.86.

18. MainSource is entitled to recover from Zachary interest on the aforesaid amounts until paid, plus attorneys fees and court costs.

WHEREFORE, the Plaintiff MainSource respectfully prays that the Court declare the aforesaid sums owed by Zachary to MainSource to be nondischargeable under 11 U.S.C. §523(a)(2), that the Court enter judgment in favor of MainSource and against Zachary for all such amounts owed, plus interest thereon, attorneys fees and court costs, and for all just and proper relief in the premises.

                                            HARRISON & MOBERLY, LLP

                                            /s/ David J. Theising_____
                                            David J. Theising
                                            Attorney No. 1608-49

David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana  46204
Telephone:     (317) 639-4511
Facsimile:      (317) 639-9565
Email: dtheising@h-mlaw.com

Counsel for Plaintiff MainSource Bank